UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER AND JOSHUA MAURER, | |
| Plaintiff, | Case No. 3:17-cv-35 |
| v. | Electronically Filed |
| DIVINITY INVESTMENTS, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiffs, Jennifer and Joshua Maurer, by and through their attorney, Christi Wallace, Esquire of Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiffs bring this Complaint to recover damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., and the Wage Payment Collection Law ("WPCL"), P.L. 637, No. 329, for unpaid wages and overtime not paid to them by Defendant.

### II. Jurisdiction and Venue

2. This action arises under the FLSA 29 U.S.C. §201, et seq. and WPCL, P.L. 637, No. 329  This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331 and §1332(a).

3. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiffs, Jennifer and Joshua Maurer (collectively "the Maurers"), are both adult individuals residing at 159 Donald Lane, Somerset, PA 15501 of Somerset County, Commonwealth of Pennsylvania.

6. Defendant, Divinity Investments, LLC ("Defendant"), is a business located 418 Epic Drive, Chambersburg, PA 17201 of Franklin County, Commonwealth of Pennsylvania.

### IV. Facts

7. The Maurers began working for Defendant on March 2, 2014.

8. As Property Managers, they lived on-site at one of Defendant's trailer parks located in Somerset, PA.

9. Each were paid $10/hour for their services.

10. Around December 2016, the Maurers noticed they were not being paid for their services.  Late payment had always been an issue but as of December 2016, payments had stopped completely.   The Maurers were submitting timesheets with no response or payment.

11. They began calling Tom Mongold ("Mr. Mongold"), Owner, and Mr. Mongold's accountant about being paid.  The Maurers even called Mr. Mongold's partner, Robert Hickey, about not being paid.  Every time they called, they would be told the person was unavailable or was in a meeting.

12. Eventually, Ms. Maurer became frustrated and went to the local Magistrates office to seek payment of unpaid wages. She even reported the Defendant to the Department of Labor (DOL) for unpaid wages.

13. On February 3, 2017, Mr. Maurer received a call from Mr. Mongold inquiring about septic pumps.

   a. Mr. Maurer once again inquired about the fact that him and his wife had not been paid in weeks.

   b. Instead of answering Mr. Maurer, Mr. Mongold demanded to know when Ms. Maurer was going to be filing eviction notices on some of the trailer park tenants.

   c. Mr. Mongold also discussed if Ms. Maurer had been to the Magistrate's office trying to file a lawsuit.

   d. At the end of the conversation, Mr. Mongold informed Mr. Maurer that since Ms. Maurer was trying to file a lawsuit for unpaid wages, she was fired.

   e. Mr. Maurer once again inquired about the unpaid wages and Mr. Mongold stated he was fired as well for complaining about the unpaid wages.

## V. Allegations

### Count I
### Violation of the FLSA

14. The preceding paragraphs are incorporated herein as if set forth at length.

15. The Maurers are employees of Defendant and were misclassified as independent contractors. The Maurers were not free from control of Defendant. The Maurers worked on Defendant's site. They were given a company credit card to purchase supplies to carry out their duties. Ms. Maurer got daily assignments from Mr. Mongold and his secretary, Jill. The Maurers

did not have any independent decision making power. Defendant controlled what the Maurers could and couldn't do. There was no separation of control.

16. The Maurers have not received any overtime wages owed to them as of February 14, 2017, a clear violation of the FLSA, which requires that all employees must receive overtime pay for hours worked in excess of 40 hours in a workweek.

17. The Maurers submitted their hours on a weekly time sheet given directly to Defendant.

18. Mr. Maurer worked a total of 329.50 hours, 32 hours of which were overtime. Mr. Maurer worked the following hours for Defendant:

   a. December 12-18, 2016 = 45.5 hours

   b. December 19-25, 2016 = 43 hours

   c. December 26, 2016 - January 1, 2017 = 39.5 hours

   d. January 2-8, 2017 = 44 hours

   e. January 9-15, 2017 = 59.5 hours

   f. January 16-22, 2017 = 40 hours

   g. January 23-29, 2017 = 22 hours

   h. January 30-February 5, 2017= 36 hours

19. Mr. Maurer worked a total of 32 hours of overtime for Defendant at 1.5 times his rate of $15/hour. Mr. Maurer is owed $480. Under the FLSA §216(b), Mr. Maurer is entitled to not only the overtime wages owed but also liquidated damages equal to double the overtime due be added onto the unpaid overtime amount (which totals $960).

20. Ms. Maurer worked a total of 364 hours, 91 of which were overtime. Ms. Maurer worked the following hours for Defendant:

    a.  December 12-18, 2016 = 44 hours

    b.  December 19-25, 2016 = 45 hours

    c.  December 26, 2016 – January 1, 2017= 42 hours

    d.  January 2-8, 2017 = 45 hours

    e.  January 9-15, 2017 = 65 hours

    f.  January 16-22, 2017 = 45 hours

    g.  January 23-29, 2017 = 39 hours

    h.  January 30-February 5, 2017 = 39 hours

21. Ms. Maurer worked a total 91 hours of which overtime for Defendant at 1.5 times her rate of $15/hour. Ms. Maurer is owed $1,365. Under the FLSA §216(b), Ms. Maurer is entitled to not only the overtime wages owed but also liquidated damages equal to double the overtime due be added onto the unpaid overtime amount (which total $2,730).

**Count II**
**Violation of the WPCL**

22. The preceding paragraphs are incorporated herein as if set forth at length.

23. The Maurers are employees of Defendant and were misclassified as independent contractors. The Maurers were not free from control of Defendant. The Maurers worked on Defendant's site. They were given a company credit card to purchase supplies to carry out their duties. Ms. Maurer got daily assignments from Mr. Mongold and his secretary, Jill. The Maurers did not have any independent decision making power. Defendant controlled what the Maurers could and couldn't do. There was no separation of control.

24. The Maurers have not received all their wages owed to them as of February 14, 2017, a clear violation of the WPCL, P.L. 637, No. 329, which requires all wages be paid for services performed.

25. Mr. Maurer worked a total of 329.50 hours for which he has not been paid for. Mr. Maurer worked the following hours for Defendant:

    a. December 12-18, 2016 = 45.5 hours

    b. December 19-25, 2016 = 43 hours

    c. December 26, 2016 - January 1, 2017 = 39.5 hours

    d. January 2-8, 2017 = 44 hours

    e. January 9-15, 2017 = 59.5 hours

    f. January 16-22, 2017 = 40 hours

    g. January 23-29, 2017 = 22 hours

    h. January 30-February 5, 2017 = 36 hours

26. Mr. Maurer worked a total 329.50 hours for Defendant at $10/hr. Mr. Maurer is owed $3,295.00. Under the WPCL, Mr. Maurer is entitled to ask for not only the wages owed but also penalties of 25% be added onto the unpaid wages (which totals $823.75).

27. Ms. Maurer worked a total of 364 hours for which she has not been paid for. Ms. Maurer worked the following hours for Defendant:

    a. December 12-18, 2016 = 44 hours

    b. December 19-25, 2016 = 45 hours

    c. December 26, 2016 – January 1, 2017 = 42 hours

    d. January 2-8, 2017 = 45 hours

    e. January 9-15, 2017 = 65 hours

    f. January 16-22, 2017 = 45 hours

    g. January 23-29, 2017 = 39 hours

    h. January 30-February 5, 2017 = 39 hours

28. Ms. Maurer worked a total 364 hours for Defendant at $10/hr. Ms. Maurer is owed $3,640. Under the WPCL, Ms. Maurer is entitled to ask for not only the wages owed but also that penalties of 25% be added onto the unpaid wages (which totals $910).

29. Mr. and Ms. Maurer contacted Defendant several times about the unpaid wages and have failed to receive a response.

**Count III**
**Retaliation in Violation of FLSA and WPCL**

30. The preceding paragraphs are incorporated herein as if set forth at length.

31. Defendant's termination of Mr. and Ms. Maurer also violates §15(a)(3) of the FLSA, which states it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." Complaints made to the DOL are protected, and most courts have ruled that internal complaints to an employer are also protected.

32. Third Circuit has also explained that a prima facie case of FLSA retaliation consists of the same elements as retaliation under Title VII: "(1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against her, and (3) there was a causal link between the plaintiff's protected action and the employer's adverse action." Preobrazhenskaya v. Mercy Hall Infirmary, 71 F. App'x 936, 939 (3d Cir. 2003) (citing Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997)).

33. Ms. Maurer engaged in protected activity. Ms. Maurer's act of complaining to the DOL and also the act of Mr. and Ms. Maurer complaining to you about their unpaid wages

constitutes protected activity under the FLSA.

34. As soon as Mr. Mongold learned Ms. Maurer had went to the Magistrate's Office, she was fired. When Mr. Maurer wouldn't stop complaining about his unpaid wages, he was fired.

35. There was a causal link between the Maurers requesting their unpaid wages and their terminations. Mr. Maurer was told he was being fired for asking about his unpaid wages.

36. Defendant's actions also violate the WPCL. The PA Supreme Court's decision in Shick v. Shirey, 716 A.2d 1231 (1998) argued that public policy prohibits an employer from terminating an employee as punishment for that employee's exercising a statutory remedy against the employer. The Court in Shick also states a cause of action for retaliation for seeking unpaid wages.

## Count IV
## Wrongful Termination

37. The preceding paragraphs are incorporated herein as if set forth at length.

38. The termination of Mr. and Ms. Maurer also goes against PA public policy of terminating someone for pursuing rights given to them under the FLSA and WPCL. It is strongly engrained public policy of protecting individuals who try to pursue a statutorily protected right.

39. The facts of this case show that Mr. and Ms. Maurer engaged in protected activity under the FLSA and WPCL when they requested unpaid wages/overtime.

40. Defendant fired them for trying to collect unpaid wages. When Ms. Maurer went to the Magistrates Office and DOL to pursue her rights, she was fired. When Mr. Maurer inquired about his unpaid wages, he was fired as well.

41. This is illegal and constitutes wrongful termination.

**Request for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

a. Unpaid overtime under FLSA in excess of $5,535;

b. Unpaid wages under WPCL in excess of $6,935;

c. Penalties under WPCL in excess of $1,733.75

d. Loss of future wages for wrongful termination and retaliation;

e. Plaintiff's legal fees in excess of $10,000;

f. Punitive Damages and/or compensatory damages allowed;

g. Pre-judgment and continuing interest;

h. Court costs; and

i. Other such relief as the Court may deem just and proper.

/s/   Christi Wallace
Christi Wallace, Esq.
Pa ID: 313721
**KRAEMER, MANES & ASSOCIATES LLC**
US Steel Tower
600 Grant St, Suite 660
Pittsburgh, PA 15219
(412) 722-9700 Direct
(412) 206-0834 Fax
cw@lawkm.com
Counsel for Plaintiff